THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUDOLPH WEBB, Appellant.— On September 28, 1964, this appeal was submitted to this court for decision. The appeal is by the defendant from a judgment of the County Court, Westchester County, rendered November 14, 1962 after a jury trial, convicting him of burglary in the third degree and malicious mischief, and imposing sentence upon him, as a second felony offender, upon the burglary count and suspending sentence upon the other count. This conviction

is based, in part, on defendant's alleged confession. Upon the trial he contended that his confession had been obtained by force and that it was involuntary. The issue as to whether the confession was voluntary or involuntary was submitted to the jury. In view of the subsequent decision rendered June 22, 1964 by the Supreme Court of the United States, the submission of such issue to the jury was error; the issue "should have been determined in a proceeding separate and apart from the body trying guilt or innocence" (*Jackson* v. *Denno*, 378 U. S. 368). We have held that this decision of the Supreme Court is applicable to pending appeals where the voluntariness of the confession was contested and put in issue at the trial (*People* v. *Hovnanian*, 22 A D 2d 686 [Oct. 5, 1964]). Accordingly, this appeal will be held in abeyance; and on the court's own motion the action is remitted to the County Court, Westchester County, for further proceedings not inconsistent herewith. A separate trial should be accorded promptly to the defendant upon the issue of the voluntariness of his confession. Such trial should be held *de novo* before the court alone, without a jury. At the conclusion of the trial, the Justice presiding shall render promptly his decision setting forth specifically his findings of fact upon the issue; and such decision should be based exclusively on the evidence adduced upon such trial. The trial should also be conducted in accordance with such further or different procedures and requirements as may be prescribed by the Court of Appeals of this State in any decision rendered by it prior to the trial court's decision on the issue of voluntariness. Within 30 days after the rendition of the trial court's decision, a supplemental printed or typewritten record, consisting of the transcript of the stenographic minutes of the separate trial and of the court's decision and findings, should be filed and served by the District Attorney of Westchester County. Within 20 days after such filing, the appellant shall serve and file a printed or typewritten supplemental brief; and within 15 days thereafter the District Attorney shall file and serve a supplemental brief. [If appellant's brief be typewritten, six copies are required to be filed and one copy served.] Thereupon, the Clerk of this court will place the appeal on the calendar at the next succeeding term for reargument. The appeal will be decided on the basis of the original and supplemental records and briefs. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.